UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| HAMILTON COUNTY EMERGENCY COMMUNICATIONS DISTRICT, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | CASE NO. 1:14-cv-376-CLC-SKL |
| LEVEL 3 COMMUNICATIONS, LLC, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

On February 20, 2019, Plaintiffs filed a motion to compel discovery responses from Defendant [Doc. 37]. Defendant failed to respond in a timely manner. As a result, the Court granted the motion as unopposed on March 12, 2019, and ordered Defendant to provide the discovery responses within 14 days [Doc. 41]. Currently before the Court is Defendant's "Motion for Reconsideration, for Permission to File Responsive Brief, and for Expedited Briefing Schedule" [Doc. 42]. Plaintiffs filed a response opposing the motion [Doc. 46], and Defendant filed a reply [Doc. 47]. For the reasons stated below, the Court will **GRANT** the motion for reconsideration and **ORDER** Defendant to respond to the motion to compel within **two business days**. The Court's prior Order requiring Defendant to provide the discovery responses will be **STAYED** pending resolution of Plaintiffs' motion to compel on the merits.

I.      **STANDARDS**

Federal Rule of Civil Procedure 54(b) allows the Court to revise "any order or other

decision, . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties," any time before entry of a final order that does adjudicate all the claims, rights, and liabilities. The Order granting the motion to compel clearly qualifies as such an order.

"District courts have authority under both common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. App'x 949, 959 (6th Cir. 2004) (citation omitted). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* (citation omitted). The standard "obviously vests significant discretion in district courts," *id.* at 959 n.7, and "allows district courts to afford such relief from interlocutory orders as justice requires." *Id.* (internal brackets, quotation marks and citations omitted); *see also ACLU of Ken. v. McCreary Cty.*, 607 F.3d 439, 450 (6th Cir. 2010) (Where final judgment had not been entered, the court characterized a Rule 59 motion to alter judgment as "a motion for reconsideration of summary judgment" which "[t]he district was therefore free to reconsider or reverse . . . for any reason." (citations omitted)). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *McWhorter v. Elsea, Inc.*, No. 2:00-cv-473, 2006 WL 3483964, at *2 (S.D. Ohio Nov. 30, 2006) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003) (citing 12 James Wm. Moore *et al.*, *Moore's Federal Practice* § 60.23)).

Moreover, as pertinent here, Federal Rule of Civil Procedure 6(b)(1)(B) allows the Court to extend the time for filing a response if a party's failure to timely file was "because of excusable

neglect." In the bankruptcy context, the United States Supreme Court has held that relevant factors for determining whether a party's failure to timely act result from excusable neglect include: "the danger of prejudice [to the other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (citation omitted). Other courts have applied these factors in the context of a Rule 54(b) motion for reconsideration, *see Sarma v. Wells Fargo & Co.*, No. 1:15-MC-63, 2016 WL 410013, at *4 (M.D.N.C. Feb. 2, 2016) (citing *Pioneer*, 507 U.S. at 395) (internal quotation marks and footnote omitted), and the Court finds it appropriate to do so here.

## II. ANALYSIS

Defendant indicates it failed to respond to the motion to compel because it recently merged operations with another telecom company,[1] which meant new lead counsel was appointed in this matter. Defendant claims that, because of "the unusual status of having several related cases that have not been formally consolidated," the new lead counsel did not receive notice of the motion, although other attorneys involved did [Doc. 42 at Page ID # 710]. Plaintiffs contend this blunder by Defendant's counsel does not justify reconsideration or allowing Defendant to respond to the motion to compel. They argue Defendant agreed to produce the discovery months earlier, and they contend the Court's Order compelling production "was appropriate and necessary to permit discovery to move forward consistent with the Scheduling Order entered in this case." [Doc. 46 at

---

[1] Defendant merged with CenturyLink Communications LLC. CenturyLink is also a defendant in other related, pending cases [Doc. 42-1 at Page ID # 714, ¶ 2].

Page ID # 729]. They also explain how they attempted to work with Defendant to identify the specific portions of the Order Defendant wanted to revise, but Defendant "declined to engage in such discussions." [*Id.*].

The Court understands Plaintiffs are frustrated and that Defendant's failure to respond to the motion is generally unacceptable conduct, but deadline hiccups happen on occasion and the situation at hand warrants allowing Defendant the opportunity to respond to the merits of the motion to compel. First, unlike in the cases Plaintiffs cite, the Court has not ruled on the merits of the underlying motion. Rather, the Court relied on Eastern District of Tennessee Local Rule 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). Local Rule 7.2 is a case management tool that allows the Court to control its docket and ensure cases progress in a timely and efficient manner; it does not speak to the merits of any legal dispute. By issuing this Order, the Court is simply reconsidering application of a case management tool that the Court finds is no longer appropriate.

Second, while the discovery deadline looms in the not-so-distant future, Plaintiffs have not demonstrated they will suffer any significant prejudice due to any additional delay that will result from addressing the motion to compel on the merits. Defendant filed its motion for reconsideration one day after the Court entered its Order on the motion to compel. The prejudice Plaintiffs claim exists, due to Defendant's failure to produce the discovery in the Fall of 2018 as promised, has little bearing on the motion for reconsideration. Instead, it apparently arises from the parties' failure to more promptly attempt to resolve (or reach impasse) on their discovery issues.

Finally, the Court finds Defendant's failure to properly monitor the docket and respond to the motion, requiring additional briefing/work on the motion for reconsideration, is more properly addressed in connection with any applicable sanctions under Federal Rule of Civil Procedure 37. The Court specifically reserved ruling on whether Plaintiffs were entitled to sanctions in its prior Order granting the motion to compel.

The Court finds the relevant factors weigh in favor of allowing Defendant to respond to the motion. Accordingly, the Court hereby **GRANTS** Defendant's motion for reconsideration [Doc. 42]. Defendant is **ORDERED** to file a response to Plaintiffs' motion to compel no later than **Friday, March 22, 2019**, if the parties remain unable to resolve the discovery issues on their own. The court's prior Order requiring Defendant to provide the discovery responses [Doc. 41] is **STAYED** pending resolution of Plaintiffs' motion to compel.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE